UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AARON RAMSEY,

Plaintiff,

v. Case No. 26-cv-1501-bhl

ASHLEY BARBEE,

Defendant.

---

## SCREENING ORDER

---

Plaintiff Aaron Ramsey, who is currently incarcerated at the Winnebago County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Ramsey's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Ramsey has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Ramsey has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $0.99. Ramsey's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Ramsey, from November 11, 2025 through August 28, 2026, Defendant Ashley Barbee, who was Ramsey's probation officer, "did not allow [his] programs, and neglected his treatment." Ramsey asserts that he believes she ignores all of her probationers and was not aware of the program needs that a revocation judge had identified for him in 2025. He states that, after he was released from prison, he never discussed treatment with Barbee, was never verbally advised by her, and never received the alcohol device or unit she discussed with him after his "DUI incident" in January 2025. He believes he was neglected. He also asserts that the Winnebago County District Attorney "has drug court treatment for [him]," and Barbee is "denying this treatment also." Dkt. No. 1.

## THE COURT'S ANALYSIS

Ramsey's assertion that Barbee should have done more for him as his supervising agent fails to state a federal claim on which relief can be granted. According to state court records, of which the Court can take judicial notice, Ramsey was to "complete an AODA assessment and

comply with any treatment recommended." *See Wisconsin v. Ramsey*, Outagamie County Case No. 2025CF0008. He also was to "undergo any counseling the agent finds appropriate" and "comply with any recommendation treatment/assessment/counseling." *Id.* Ramsey believes that Barbee should have recommended treatment and/or counseling, but, contrary to his suggestion, no court order required her to do so. As the Seventh Circuit has explained, "there is no general duty of rescue" under §1983. *Burks v. Ramisch*, 555 F.3d 592, 596 (7th Cir. 2009). "The most that one can say is that [Barbee] did nothing, when she might have gone beyond the requirements of her job and tried to help him." *Id.* Her failure to do so is not a constitutional violation; "it is just a form of failing to supply a gratuitous rescue service." *Id.*

Moreover, it does not appear that Ramsey suffered any harm as a result of Barbee's failure to recommend treatment and/or counseling. *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019) ("In order to succeed in a § 1983 suit, a plaintiff must 'establish not only that a state actor violated his constitutional rights, but also that the violation caused the plaintiff injury or damages.'"). Ramsey does not allege that his supervised release was revoked because he failed to comply with programming requirements. Indeed, according to state court records, Ramsey is facing new criminal charges in Winnebago County. *See Wisconsin v. Ramsey*, Winnebago County Case No. 2026CF0246. Nor does Ramsey allege that Barbee interfered with his own efforts to seek treatment or counseling. *See, e.g., Mitchell v. Kallas*, 895 F.3d 492, 502 (7th Cir. 2018) (holding that, "[t]hough parole officers may have no duty . . . to provide a parolee with medical care or ensure that she receives it, they at least may be constitutionally obligated not to block a parolee who is trying to arrange such care for herself without any basis in the conditions of parole"). In short, Ramsey's assertion that Barbee should have been better at her job is insufficient to state a constitutional claim.

Finally, with regard to Ramsey's assertion that Barbee is preventing him from attending "drug court treatment," the Court notes that a district attorney's recommendation is not equivalent to a judge's order. According to the docket in Case No. 2026CF0246, Ramsey's "drug court acceptance letter" was "routed to Judge Jorgensen to review" on August 27, 2026. The docket does not reflect that Judge Jorgenson has ruled on the recommendation. In any event, it is not clear to what extent Barbee, who according to Ramsey was his supervising agent in Milwaukee County, would be involved in treatment options made available to him while he is incarcerated in the Winnebago County Jail. Ramsey therefore fails to state a claim on this basis.

The Seventh Circuit has explained that the norm is to afford a plaintiff at least one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Ramsey believes he can cure the deficiencies identified in this decision, he may file an amended complaint by **November 25, 2026**. He is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received by the deadline, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this action based on Ramsey's failure to state a claim in his original complaint. If Ramsey does not believe he can cure the deficiencies identified in this decision, he does not have to do anything further. The Court will enclose an amended complaint form along with this decision.

**IT IS THEREFORE ORDERED** that Ramsey's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **November 25, 2026**, Ramsey may file an amended complaint if he can cure the defects in the original complaint as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Ramsey a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Ramsey shall collect from his institution trust account the $349.01 balance of the filing fee by collecting monthly payments from Ramsey's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Ramsey is transferred to another institution, the transferring institution shall forward a copy of this Order along with Ramsey's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Ramsey is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Ramsey is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 27th day of October, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge