UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AARON RAMSEY,

Plaintiff,

v. Case No. 26-cv-1501-bhl

ASHLEY BARBEE and
DEPARTMENT OF CORRECTIONS,

Defendants.

---

## SCREENING ORDER

---

Plaintiff Aaron Ramsey, who is currently incarcerated at the Winnebago County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On October 27, 2026, the Court screened the complaint and, after concluding it failed to state a claim on which relief could be granted, gave Ramsey the opportunity to file an amended complaint, which he did on November 12, 2026. The Court will screen the amended complaint as required by 28 U.S.C. §1983.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing,

as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE AMENDED COMPLAINT

According to Ramsey, Defendant Ashley Barbee, who is Ramsey's supervising agent, relied on a false police report to revoke his extended supervision. Ramsey's allegations regarding this report are confusing. He states only that the report "falsely states that the CI didn't use a controlled substance which the criminal complaint states that the CI 'chewed and licked the substance.'" Dkt. No. 8 at 2. According to Ramsey, Barbee's reliance on this "false information" violated his due process rights. Ramsey also alleges that Barbee ignored a recommendation that he seek AODA and anger management treatment and then used the fact that he was never inclined to seek those treatments as a violation of his conditions of extended supervision.

## THE COURT'S ANALYSIS

The Court already explained in the original screening order why Barbee's alleged failure to actively seek treatment options for Ramsey does not state a claim on which relief can be granted. Ramsey could have pursued the recommended treatment; the mere fact that Barbee did not encourage him to do so or make it easier for him to do so did not violate his rights. As the Seventh Circuit has explained, "there is no general duty of rescue" under §1983. *Burks v. Ramisch*, 555 F.3d 592, 596 (7th Cir. 2009). "The most that one can say is that [Barbee] did nothing, when she might have gone beyond the requirements of her job and tried to help him." *Id.* Her failure to do

so is not a constitutional violation; "it is just a form of failing to supply a gratuitous rescue service." *Id.*

Ramsey also fails to state a claim based on allegations that Barbee relied on a "false" police report in deciding to pursue revocation. As noted, Ramsey's allegations regarding the report are confusing—it is not clear what part of the report he believes was untrue. Also, nothing in the complaint suggests that Barbee knew the police report was false. Even if Ramsey told her the police report was not correct, the Constitution does not require a supervising agent to believe everything the people under her supervision tell her. *See Olson v. Morgan*, 750 F.3d 708, 713 (7th Cir. 2014). Moreover, to the extent Ramsey challenges Barbee's decision to recommend or request revocation, "filing requests for revocation are not violations of section 1983; they are [part of] the job description for the often thankless job of probation officer." *Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018). In any event, Barbee is protected by absolute immunity for engaging in the quasi-judicial function of requesting that revocation proceedings be initiated. *Id.*

Finally, Ramsey fails to state a claim against the Department of Corrections, which is an agency of the State of Wisconsin. The Department of Corrections is not a suable "person" within the meaning of §1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989).

**IT IS THEREFORE ORDERED** that that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Milwaukee, Wisconsin this 24th day of November, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
Chief United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.